Richard Mooney, Esq. (SBN: 176486)
rmooney@linerlaw.com
LINER GRODE STEIN YANKELEVITZ
SUNSHINE REGENSTREIF & TAYLOR LLP
199 Fremont Street #2000
San Francisco, California 94105
Telephone: (415) 489-7700
Facsimile: (415) 489-7701

Attorneys for Defendant
Sony Computer Entertainment America.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIK ESTAVILLO, | Case No. C09 – 03007 RMW |
| Plaintiff, | **Notice of Motion and Motion To Dismiss** |
| vs. | Date: September 18, 2009 |
| SONY COMPUTER ENTERTAINMENT AMERICA, | Time: 9:00 a.m.<br>Crtrm: 6 |
| Defendant. | |

0030079/001/ 44397v03

## NOTICE OF MOTION AND MOTION TO DISMISS

**TO PLAINTIFF PROCEEDING PRO SE:**

**PLEASE TAKE NOTICE** that Defendant Sony Computer Entertainment America Inc. ("SCEA") will, and hereby does, move this Court pursuant to Federal Rule of Civil Procedure 12(b) and the inherent power of this Court for an order dismissing this action, and requests that the Court enter judgment in its favor on all claims alleged in the Complaint filed July 6, 2009 (the "Complaint"). The motion will be heard by the Honorable Ronald M. Whyte, United States District Judge, in Courtroom 6 of the United States District Court for the Northern District of California, located at 280 South First Street in San Jose, California, 95113, on September 18, 2009 at 9:00 a.m., or at another time and date as specified by the Court. Defendant brings this motion on the ground that the Complaint does not allege facts sufficient to state a First Amendment claim against SCEA, and that any putative state law contract claim is properly dismissed as not justifying the exercise of supplemental jurisdiction.

The Motion is based upon this Notice of Motion and Motion, the included brief in support thereof, the pleadings in the record of this matter, all matters of which the Court may take judicial notice, and any oral or written evidence or argument presented at or before the hearing.

Dated: August 4, 2009

LINER GRODE STEIN YANKELEVITZ
SUNSHINE REGENSTREIF & TAYLOR LLP


By:   /s/ Richard J. Mooney
      Richard J. Mooney
      Attorneys for Defendant SCEA

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.  INTRODUCTION AND SUMMARY OF ARGUMENT

This case is very simple. First, Plaintiff alleges that SCEA has banned him from the PlayStation® Network (the "Network"), and that this ban violates his rights under the First Amendment to the United States Constitution. SCEA sets aside for purposes of this motion the fact that the ban came in response to Plaintiff's multiple, repeated, intentional violations of the agreement governing Plaintiff's use of the Network. Even if everything Plaintiff alleged were true, there is still no First Amendment violation because SCEA is not a governmental entity.

Second, Plaintiff appears to allege that the suspension breaches a contract with him because it denies him access to funds that he held in an account on the Network. Again, SCEA sets aside for purposes of this motion the fact that SCEA's actions were completely proper. Even if everything Plaintiff alleged were true, the most that is alleged is a state law breach of contract claim by one California citizen against another, in an amount far below the jurisdictional limit. In this situation, it would be proper to decline supplemental jurisdiction.

II. BACKGROUND

A.  **PlayStation® and the PlayStation® Network**

Defendant SCEA markets and distributes various PlayStation computer entertainment systems, including most recently the PlayStation® 3 console system and the PlayStation® Portable handheld system. These devises permit traditional gaming play limited to the system and attached peripheral devices and also permit online gaming in conjunction with the Network. The Network allows registered users to play certain games with or against other players throughout the world, allows other communication among registered users, and allows registered users to purchase games and other goods and services. SCEA monitors certain of the games played online. The governing Terms of Service and User Agreement specifically notes that certain types of behavior can lead to suspension or revocation of the user's Network access and that any such suspension or revocation will lead to the loss of any funds held on the Network.

### B. The Complaint

Plaintiff alleges that he uses the Network both to play games and to socialize with other people. Complaint ¶ 4. He alleges that he purchased a PlayStation® 3 console and the "Resistance: Fall of Man" ("Resistance") video game earlier this year, and that he has purchased Network "Redeem Cards" that he has used to add funds to his "PlayStation Network Wallet Fund" ("Wallet"). *Id.* ¶ 7. He further alleges that he was "banned from playing [Resistance and] all other games online via the PlayStation Network" and that the ban came while he "was exercising his First Amendment Right to Freedom of Speech in the game's public forum." *Id.* ¶ 6. He then alleges that the ban denied him access to the remaining funds in his Wallet. *Id.* ¶ 7.[1]

## III. LEGAL STANDARD

The legal standard governing motions to dismiss was recently set out in detail by the Supreme Court:

> [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . .
>
> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions. . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility

---

[1] Although not mentioned in the Complaint and not strictly relevant to this motion, SCEA notes that the ban came after repeated warnings concerning Plaintiff's abusive conduct and language and that he has refused SCEA's offer to return the approximately $10 remaining in his Wallet.

of misconduct, the complaint has alleged -- but it has not "show[n]" -- "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009) (internal quotations and citations omitted). As detailed below, the complaint here falls well short of meeting this standard.

## IV. ARGUMENT

### A. The Putative First Amendment Claim

As the Supreme Court held more than 30 years ago:

> It is, of course, a commonplace that the constitutional guarantee of free speech is a guarantee only against abridgment by government, federal or state. *See Columbia Broadcasting System, Inc. v. Democratic National Comm.,* 412 U.S. 94. Thus, while statutory or common law may in some situations extend protection or provide redress against a private corporation or person who seeks to abridge the free expression of others, no such protection or redress is provided by the Constitution itself.

*Hudgens v. NLRB*, 424 U.S. 507, 513 (1976) (reaffirming the Court's prior holding that the right to free speech under the First Amendment does not extend to a private shopping center). The Court may take judicial notice of the fact that SCEA is not a federal or state government, *see* Fed. Rule Ev. 201, and there is no allegation in the Complaint that it is.

Neither of the two extremely narrow exceptions to the above rule can be applied here. The first such exception was created by *Marsh v. Alabama*, 326 U.S. 501 (1946), wherein the Court held that the First Amendment applied to expressive conduct on the sidewalk of a "company town," in which a single company owned the entire city and everything in it. However, the Court in *Hudgens*, *supra*, held that this exception was very narrowly confined, and quoted with approval from the Court's 1972 decision holding that the *Marsh* rationale could not be extended to a private enclosed shopping mall:

> "The Constitution by no means requires such an attenuated doctrine of dedication of private property to public use. The closest decision in theory, *Marsh v. Alabama, supra,* involved the assumption by a private enterprise of all of the attributes of a state-created municipality and the exercise by that enterprise of semi-social municipal functions as a delegate of the State. In effect, the owner of the company town was performing the full spectrum of municipal powers, and stood in the shoes of the State. In the instant case, there is no comparable assumption or exercise of municipal functions or power."

*Hudgens*, 424 U.S. at 519 (quoting *Lloyd Corp. v. Tanner*, 407 U.S. 551, 568-69 (1972)).

Here, there is and can be no allegation that SCEA has assumed all the attributes of a stated-created municipality or functions as a delegate of the State. To the contrary, the Network is simply one of many methods of playing video games and communicating with others. It is not remotely comparable to the facts in the *Marsh* case – indeed, it is not even comparable to the facts in the *Hudgens* case, where at least the shopping mall had some resemblance to the normal municipal business block to which the First Amendment applies. The complaint thus does no more than baldly allege the ultimate legal conclusion -- that the Network constitutes a "public forum". It is precisely this rote allegation of the ultimate legal conclusion, without allegation of *facts* sufficient to reach that legal conclusion, that was held insufficient in *Iqbal*.

In the second exception, "otherwise private entities are considered government actors under the First Amendment if they have a sufficient structural or functional nexus to the government." *Hall v. American National Red Cross*, 86 F.3d 919, 921 (9th Cir. 1996). The "structural" nexus requires that the government have created the corporation and retained permanent authority to appoint a majority of its directors. *Id.* Neither requirement is met, or even alleged to be met, here. The "functional" nexus requires examination of whether the organization's activity constitutes federal action considering (1) the nexus between the government and the challenged action, (2) whether the alleged government actor performed functions traditionally reserved to the government, and (3) whether the government coerced or encouraged the challenged action. None of these factors are applicable, or alleged to be applicable, here.

### B. The Putative Contract Claim

Plaintiff may also be seeking to allege a contract claim against SCEA relating to the approximately $10 in his Wallet. There is no question that such a claim would not itself provide a jurisdictional basis for a federal court filing, as the Complaint alleges that both Plaintiff and Defendant are residents of California and there is no allegation that the asserted damages exceed $75,000. *See* 28 U.S.C. § 1332.

The governing standard on the issue of supplemental jurisdiction after dismissal of all federal claims was articulated by the Supreme Court more than two decades ago:

> Under [*Mine Workers v. Gibbs*, 383 U.S. 715 (1966)], a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims. When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice.

*Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). In the omitted footnote, the Court clarified that the use of the word "should" did not make such dismissal *mandatory*, but rather "[t]he statement simply recognizes that in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine -- judicial economy, convenience, fairness, and comity -- will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id.* at 350 n.7; *see also Acri v. Varian Associates*, 114 F.3d 999, 1001 (9th Cir. 1997) (noting application of the *Carnegie-Mellon* standard). Here, we have a situation even stronger than one in which all federal claims are dismissed "before trial"; here the dismissal occurs before even the commencement of discovery. *Cf. Multidenominational Ministry of Cannabis and Rastafari, Inc. v. Gonzales*, 474 F.Supp.2d 1133, 1148 (N.D. Cal. 2007) (declining jurisdiction over state law claims after granting motion to dismiss federal claims).[2]

---

[2] Plaintiff also complains that some children under age 17 play Resistance online. Complaint ¶ 8. To the extent plaintiff intends to assert a cause of action relating to this allegation, he has not alleged that he has suffered any injury and therefore does not have Article III standing to bring such a claim. *See Allen v. Wright,* 468 U.S. 737, 750-51 (1984). Even if he did have standing, it would be appropriate to decline supplemental jurisdiction over this contract-based claim as well.

## V. CONCLUSION

For the preceding reasons, Defendant respectfully requests that the Court dismiss the Complaint.

Dated: August 4, 2009

LINER GRODE STEIN YANKELEVITZ
SUNSHINE REGENSTREIF & TAYLOR LLP


By: /s/ Richard J. Mooney
Richard J. Mooney
Attorneys for Defendants

# CERTIFICATE OF SERVICE

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is 199 Fremont Street, 20th Floor, San Francisco, CA 94105-2255. On August 4, 2009, I served the within document(s) described as:

**NOTICE OF MOTION AND MOTION TO DISMISS**

on the interested parties in this action as stated below:

Erik Estavillo
3284 Cortese Circle
San Jose, CA 95127

[X] (BY MAIL) By placing a true copy of the foregoing document(s) in a sealed envelope addressed as set forth above. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing contained in affidavit.

I declare that I am employed in the offices of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 4, 2009, at San Francisco, California.

_____
Jovi Faamaligi
(Type or print name)

_____
(Signature)

0083138/001/ 44532v01