Erik Estavillo
3284 Cortese Circle
San Jose, CA 95127
(408) 926-7224

Plaintiff

FILED

2009 AUG 13  A 9 40

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| ERIK ESTAVILLO, | ) | Case No. C09 – 03007 RMW |
| | ) | |
| Plaintiff, | ) | **OPPOSITION TO MOTION TO DISMISS** |
| | ) | |
| vs. | ) | Date:  September 18, 2009 |
| | ) | Time: 9:00 a.m. |
| SONY COMPUTER | ) | Crtrm:  6 |
| ENTERTAINMENT AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

1.   **Jurisdiction.**  At least one of the plaintiffs' claims arises under the Constitution, laws, or treaties of the United States (28 U.S.C. § 1331). This case involves the plaintiff's First Amendment Right to Freedom of Speech in a public forum.

2.   **Venue.**  Venue is appropriate in this court because the defendant resides in Foster City, California. While the disabled plaintiff resides in San Jose, unable to travel to Foster City.

3.   **Intradistrict Assignment.**  This lawsuit should be assigned to the San Jose Division of this Court because it was in San Jose that these events and violations to the plaintiff occurred.

## OPPOSITION TO MOTION TO DISMISS

## THE MEMORANDUM OF POINTS AND AUTHORITIES

**PLEASE TAKE NOTICE** that the plaintiff, Erik Estavillo,

wishes that the motion to dismiss case number C09 – 03007 RMW, which

is to be heard by the Honorable Ronald M. Whyte, United States District

Judge, in courtroom 6 of the United States District Court for the Northern

District of California, located at 280 South First Street in San Jose,

California, 95113, on September 18, 2009 at 9:00 a.m. be denied. The

defendant, Sony Computer Entertainment America, in their motion to

dismiss by claiming that the plaintiff "does not allege facts sufficient to

state a First Amendment claim against SCEA..." is not true. In this

opposition brief I will address each issue SCEA makes.

Dated:  August 5, 2009

PROCEEDING PRO SE
Erik Estavillo

By:\_\_/s/ Erik Estavillo\_\_
Erik Estavillo

## I.   INTRODUCTION AND MEMORANDUM OF POINTS

When the plaintiff stated in his complaint that SCEA had violated his First

Amendment right, his claim was accurate. Although, SCEA is not a government entity, it

does however act as a "company town" in which, the said corporation SCEA, acts in a

way that the government would act for an entire municipality. Annie Lin, the Director of

Licensing at music supervision and at The Rights Workshop specializes in licensing,

copyright clearance and rights negotiation for film/TV, advertising, games and online

media, and holds a J.D. from the University of Houston. She wrote an article on this

particular case, C09 – 03007, in which she states that, "RFoM (Resistance: Fall of Man),

is a first-person sci-fi shooter game that allows up to 40 players to simultaneously attempt

to 'drive a mysterious alien-like invasion out of Britain'. The players can create clans and

interact with members of their clans using a headset. They can also chat with each other

in a pre-game staging area, add players as friends, send direct messages and invite others

to join gameplay. Estavillo will need to convince the court that this is a public place

where the community at large congregates and communicates, rather than a game played

by a subset of the community that happens to provide a means of communication'… [and

in a broader sense]…Annie Lin goes on to state 'do massively multiplayer online gaming

environments, or MMOG's…[such as Second Life] carry out a public function within the

meaning of the First Amendment? For example, it was held in Planned Parenthood vs. Wilson that expressive activity can be protected in such locations as a privately owned shopping center, since a shopping center is 'the suburban counterpart of the traditional town center business block'... [and]...'If Estavillo can show that MMOG communities and virtual worlds have replaced the traditional (physical) places where the public can congregate, then the community element of Sony's game will satisfy the public function exception."

## II.     MEMORANDUM POINT 2

Secondly, in PruneYard Shopping Center v. Robins, High school students were seeking support for their opposition to a United Nations resolution against Zionism and set up a table in PruneYard to distribute literature and solicit signatures for a petition. A security guard told them to leave since their actions violated the shopping center's regulations against "publicly expressive" activities. However, the conclusion of the court was that since California Constitution protected "speech and petitioning, reasonably exercised, in shopping centers even when the shopping centers are privately owned," PruneYard could not prevent the students from soliciting on its property. The Court argued that it was within California's power to guarantee this expansive free speech right since it did not unreasonably intrude on the rights of private property owners.

## III.     MEMORANDUM POINT 3

In Motion I ¶ 11. The defendant alleges that "...even if everything plaintiff alleged were true, the most that is alleged  is a state law breach of contract claim by one California citizen against another, in an amount far below the jurisdictional limit". And in

Motion III ¶ 26. The defendant claims that, "[the] SCEA notes that the ban came after repeated warnings concerning Plaintiff's abusive conduct and language and that he has refused SCEA's offer to return the approximately $10 remaining in his Wallet". As to the first motion, the plaintiff has spent much more than $10 the defendant is claiming. The plaintiff used at least five $20 redeem cards, which is at least in excess of a total of $100 of downloadable gaming content. All downloads by the plaintiff's account should still be attained within Sony's records. However, the plaintiff's downloadable content is now useless and void since the plaintiff's (Vincint19) PlayStaytion Network or PSN account has been permanently banned. As for the second motion listed, Sony will be unable to provide evidence as to these "three warnings," since none were given to the plaintiff, verbal or otherwise. The plaintiff was simply banned outright without any type of verbal or written warnings.

## IV.    CONCLUSION

For the preceding reasons, Plaintiff respectfully requests that the court deny the defendant's motion to dismiss, and hopes that the Honorable Ronald M. Whyte will hear the full case and preside over the jury trial. Thank you.

Dated:  August 5, 2009                              PROCEEDING PRO SE

                                                    By: ___/s/ Erik Estavillo___

                                                    Erik Estavillo