Richard Mooney, Esq. (SBN: 176486)
rmooney@linerlaw.com
LINER GRODE STEIN YANKELEVITZ
SUNSHINE REGENSTREIF & TAYLOR LLP
199 Fremont Street #2000
San Francisco, California 94105
Telephone: (415) 489-7700
Facsimile: (415) 489-7701

Attorneys for Defendant
Sony Computer Entertainment America.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIK ESTAVILLO,<br><br>    Plaintiff,<br><br>vs.<br><br>SONY COMPUTER ENTERTAINMENT AMERICA,<br><br>    Defendant. | Case No. C09 – 03007 RMW<br><br>**Reply in Support of Motion To Dismiss**<br><br>Date: September 18, 2009<br>Time: 9:00 a.m.<br>Crtrm: 6 |

0083138/002/ 44688v03

## I. ARGUMENT

This case remains very simple. As further detailed below, (1) Plaintiff makes no allegations that could support a claim against private entity SCEA under the First Amendment of the U.S. Constitution, and (2) any putative state-law claims are properly dismissed on jurisdictional grounds.

### A. The Putative First Amendment Claim

SCEA's opening brief established that a First Amendment claim can only succeed against a private entity if (1) the case involves "the assumption by a private enterprise of all of the attributes of a state-created municipality and the exercise by that enterprise of semi-social municipal functions as a delegate of the State," or (2) the private entity has a "structural or functional nexus to the government." See Op. Brf. at 3, 4 (relying on *Hudgens v. NLRB*, 424 U.S. 507, 519 (1976) and *Hall v. American National Red Cross*, 86 F.3d 919, 921 (9th Cir. 1996)). The opening brief further established that Plaintiff's Complaint does not allege *facts* sufficient to support a conclusion that either exception is met, as required by *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009).[1]

In his opposition, Plaintiff asserts no additional facts and relies exclusively on *Robins v. Pruneyard Shopping Center*, 23 Cal.3d 899 (1979) and *Planned Parenthood v. Wilson*, 234 Cal.App.3d 1662 (1991). Neither case involved allegations that the First Amendment of the U.S. Constitution had been violated. Rather, each considered an alleged violation of article I, section 2 of the California Constitution, which reads: "Every person may freely speak, write and publish his or her sentiments on all subjects, being responsible for the abuse of this right. A law may not restrain or abridge liberty of speech or press." That provision provides broader protections than the First Amendment of the U.S. Constitution, and thus decisions assessing a potential claim

---

[1] On August 11, Plaintiff filed a document styled "Pain and Suffering Evidence". Even if the document could be construed to meet the requirements for a sworn declaration, material outside the Complaint is not properly considered in connection with a motion to dismiss, *see Schneider v. California Department of Corrections*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), and in any event such damages evidence is not relevant to the issues here.

under the California Constitution do not support a conclusion that a claim under the U.S. Constitution could be viable.

*Robins* is particularly illuminating. There, the California Supreme Court noted that "[t]hough the framers [of the California Constitution] could have adopted the words of the federal Bill of Rights they chose not to do so." 23 Cal.3d at 908. It then noted that the California provision is "more definitive and inclusive" than the federal provision. *Id.* Finally, it held that even though federal precedent required the conclusion that the First Amendment does not apply to restrictions imposed by private owners of shopping malls, the California Constitution's "liberty of speech" provision was broader and could be invoked against the owner of a private shopping mall. *Id.* at 909. On appeal, the United States Supreme Court accepted the view that the First Amendment of the U.S. Constitution was not applicable, but affirmed the California Supreme Court's conclusion that California's Constitution permissibly provided additional protections not afforded by the U.S. Constitution. *Pruneyard Shopping Center v. Robins*, 447 U.S. 74, 88 (1980).

*Wilson*, the other decision relied upon by Plaintiff, similarly concluded that the First Amendment of the U.S. Constitution was not applicable, and that the California Constitution provides broader free speech protection than the First Amendment. 234 Cal.App.3d at 1668. *Wilson* then held that even the broader California protections could not be applied against a private abortion provider restricting speech in its parking lot, distinguishing the limited private environment from the very substantial shopping mall at issue in *Pruneyard*. *Id.* at 1670.[2]

In short, neither case cited by Plaintiff provides any support for a conclusion that SCEA's privately owned PlayStation® Network is subject to the constraints of the First Amendment. For all the reasons detailed in SCEA's opening brief, therefore, Plaintiff's First Amendment claim is properly dismissed without leave to amend.

---

[2] Thus, even if plaintiff had attempted to assert a California constitutional claim, he did not and could not allege facts sufficient to support a conclusion that the Network is "the functional equivalent . . . of the traditional town center business block" as required by *Wilson*.

### B. The Putative Contract Claim

SCEA's opening brief established that to the extent Plaintiff seeks to allege a contract claim, any such claim does not provide an independent basis for federal jurisdiction since both Plaintiff and SCEA are residents of California and there is no allegation that damages exceed $75,000. *See* Op. Brf. at 4. The opening brief further established that application of governing Supreme Court precedent strongly indicates that this Court should decline to exercise supplemental jurisdiction over any such state-law claim. *See id.* at 4-5 (citing, *inter alia*, *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988)). Plaintiff's opposition makes no response to this showing, other than suggesting that his damages might exceed $100. The Court therefore should decline to exercise supplemental jurisdiction over any putative contract claim.

## II. CONCLUSION

For the preceding reasons, Defendant respectfully requests that the Court dismiss the Complaint.

Dated: September 4, 2009

LINER GRODE STEIN YANKELEVITZ
SUNSHINE REGENSTREIF & TAYLOR LLP

By: _____
Richard J. Mooney
Attorneys for Defendants