**United States District Court**
**For the Northern District of California**

E-FILED on     9/22/09

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ERIK ESTAVILLO,<br><br>        Plaintiff,<br><br>    v.<br><br>SONY COMPUTER ENTERTAINMENT AMERICA,<br><br>        Defendant. | No. C-09-03007 RMW<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS<br><br>**[Re Docket No. 9]** |

Defendant Sony Computer Entertainment America Inc. ("Sony") moves to dismiss plaintiff's claim pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to allege facts sufficient to state a First Amendment claim against Sony, and for insufficient justification for the exercise of supplemental jurisdiction over the remaining claims. Having considered the papers submitted by the parties and the arguments of plaintiff Estavillo and counsel for Sony, and for good cause appearing for the reasons set forth below, the court grants the motion.

## I. BACKGROUND

Plaintiff was banned from Sony's Playstation 3 Network (the "Network") after participating in its public forums. (Compl. ¶ 6.) This ban, which was purportedly due to plaintiff's alleged multiple violations of the agreement governing his use of the Network (Compl. ¶ 5; Def.'s Mot. 1),

1 allegedly caused the plaintiff substantial pain and suffering. (Compl. ¶ 4.) As a result, plaintiff
2 alleges three counts against Sony. The first claims that the ban violates plaintiff's First Amendment
3 free speech rights. (Compl. ¶ 6.) The second two counts allege what appear to be contract-related
4 claims. (Compl. ¶¶ 7, 8.) Plaintiff prays for $55,000 in relief for these counts, along with
5 "additional relief to which the plaintiff is entitled." (Compl. ¶ 10.)

## II. ANALYSIS

### A. Estavillo's complaint does not contain sufficient factual matter to state a plausible federal claim to relief.

Sony argues that the First Amendment does not apply to the Network because Sony is not part of the government, does not behave similarly to a municipality, and does not have either a functional or structural nexus to the government. (Def.'s Mem. 1-2.) Estavillo cites a blog posting and two cases to argue that online gaming forums carry out a public function within the meaning of the First Amendment. (Pl.'s Opp. 3-4.) The court agrees with Sony.

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to state a claim upon which relief can be granted. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, --- U.S. ---, 129 S.Ct. 1937, 1940 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. In deciding a motion to dismiss, the court must accept as true all factual allegations, but not legal conclusions, in the complaint. *Id.* at 1949.

The First Amendment guarantee of free speech is only a guarantee against abridgment by state or federal governments, and not private actors. *Hudgens v. N.L.R.B.*, 424 U.S. 507, 513 (1976). However, the Court has acknowledged an exception for company towns where the private corporation behaves similarly to a municipality by performing as if they were the government in a company town. *Id.* at 513-14 (citing *Marsh v. Alabama*, 326 U.S. 501 (1946)). This exception is narrow, and does not extend to public areas such as shopping malls. *Id.* at 519-20 (citing *Lloyd Corp. v. Tanner*, 407 U.S. 551 (1972)).

1   A second exception exists where a private corporation has "a sufficient structural or
2 functional nexus to the government." *Hall v. Am. Nat'l Red Cross*, 86 F.3d 919, 921 (9th Cir. 1996).
3 A structural nexus exists "(1) when the corporation is created for the furtherance of governmental
4 objectives and (2) when government retains for itself permanent authority to appoint the majority of
5 directors of the corporation." *Id.* When considering whether a functional nexus exists, a court
6 considers "(1) the nexus between the government and the challenged action, (2) whether the alleged
7 government actor performed functions traditionally reserved to the government, and (3) whether the
8 government coerced or encouraged the challenged action." *Id.* at 922.

9   Sony's Network is not similar to a company town. The Network does not serve a substantial
10 portion of a municipality's functions, but rather serves solely as a forum for people to interact subject
11 to specific contractual terms. Every regulation Sony applies in the Network is confined in scope
12 only to those entertainment services that Sony provides. Although the Network does include "virtual
13 spaces" such as virtual "homes" and a virtual "mall" that are used by a substantial number of users
14 (Pl.'s Reply in Supp. of Opp'n. to Dismiss 1), these "spaces" serve solely to enrich the entertainment
15 services on Sony's private network. In providing this electronic space that users can voluntarily
16 choose to entertain themselves with, Sony is merely providing a robust commercial product, and is
17 not "performing the full spectrum of municipal powers and [standing] in the shoes of the State."
18 *Hudgens*, 424 U.S. at 519 (quoting *Lloyd Corp. v. Tanner*, 407 U.S. 551, 568-69 (1972)).

19   Sony does not have a sufficient structural or functional nexus to the government. Plaintiff
20 has not suggested that Sony is part of the state or federal government. The Network was not created
21 to further government objectives. The government retains no permanent authority to appoint any
22 directors of Sony or the Network, or any other private body associated with the Network. There is
23 no indication that Sony has assumed functions traditionally reserved to the government, or that the
24 government had any part in encouraging Sony to create the Network. Count one of the complaint
25 does not state a plausible First Amendment claim for relief, and therefore must be dismissed. *Iqbal*,
26 129 S.Ct. at 1940.

27
28

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS—No. C-09-03007 RMW
DWR                                                                                    3

**B.	There is insufficient justification to exercise supplemental jurisdiction over the remaining claims.**

Sony argues that if the court dismisses count one of the complaint, then the court should decline to exercise supplemental jurisdiction over the remaining counts because there is no independent jurisdiction to hear them. (Def.'s Mem. 4-5.) The two claims are state law claims for breach of contract, and the amount in controversy is alleged to be $55,000.

When deciding whether to exercise supplemental jurisdiction over pendant state-law claims, a federal court must consider and weigh "the values of judicial economy, convenience, fairness, and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). If the balance of these factors show that a case belongs in state courts, which is likely the case where all federal law claims drop out in a lawsuit's early stages, the court should decline the exercise of jurisdiction by dismissing the case without prejudice. *Id.*

This case is in its early stages, and with the dismissal of the federal first amendment claim, it is appropriate for the court to decline to exercise its supplemental jurisdiction to hear the remaining state law claim. Accordingly, the remaining state law claims are dismissed without prejudice.

### III.  ORDER

For the foregoing reasons, the court grants defendant's motion to dismiss without prejudice to plaintiff's refiling his state claims in state court.

DATED:	9/22/09

RONALD M. WHYTE
United States District Judge

**A copy of this document has been mailed to:**

**Plaintiff:**

Erik Estavillo
3284 Cortese Circle
San Jose, CA 95127

**Notice of this document has been electronically sent to:**

**Counsel for Defendants:**

Richard Mooney            rmooney@linerlaw.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**   9/2209                                                    TER

                                                              **Chambers of Judge Whyte**

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS—No. C-09-03007 RMW
DWR                                                         5