# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

Sony Computer Entertainment America
_____  9th Cir. Case No. _____
Appellant

District Court Case No. C-09-03007 RMW

vs.

Erik Estavillo
_____
Appellee

**FILED**

OCT 1 3 2009

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**APPELLANT'S INFORMAL BRIEF**

1. Jurisdiction

   a. Timeliness of Appeal:

      (I) Date of entry of judgment or order
          of lower court:  Sept. 22, 2009

      (ii) Date of service of any motion made after judgment
           (other than for fees and costs): _____

      (iii) Date of entry of order deciding motion _____

      (iv) Date notice of appeal filed  Oct. 13, 2009

      (v) For prisoners, date you gave notice of appeal
          to prison authorities _____

   b. IF POSSIBLE, PLEASE ATTACH ONE COPY OF EACH OF THE
      FOLLOWING:

      1. The order from which you are appealing
      2. The district court's entry of judgment
      3. The district court docket sheet

Case No. C-09-03007 RMW

2. What are the facts of your case?

Sony Computer Entertainment America banned plantiff from socializing via its PlayStation Network, causing emotional distress.

Case No. C-09-03007 RMW

3. What did you ask the district court to do (for example, award damages, give injunctive relief, etc.)?

Award pain & suffering damages along with punitive damages.

4. State the claim or claims you raised at the district court.

A first amendment claim to freely socialize in Sony's forum

5. What issues are you raising on appeal?

That the lower court's decision was wrong because it did not address players' rights, both constitutionally and monetarily.

Case No.  C-09-03007 RMW

6. Did you present all these issues to the district court?

   __Yes__   If not, why?
   Yes/No

7. What law supports these issues on appeal? (You may, but need not, refer to cases and statutes.)



The Prunayard Doctrine

Case No. C-09-03007 RMW

8. Do you have any other cases pending in this court? If so, give the name and docket number of each case.

No

9. Have you filed any previous cases which have been decided by this court? If so, give the name and docket number of each case.

No

10. For prisoners, did you exhaust all administrative remedies for each claim prior to filling your complaint in the district court?

N/A

10/13/2009
DATE

Erich Staile
SIGNATURE

3284 Cortese Circle
ADDRESS

San Jose, CA
95127

## CERTIFICATE OF SERVICE

Case Name: _Erik Estavillo_ v. _Sony Computer Entertainment America_

Case No.: _C-09-03007 RMW_

IMPORTANT: You must send a copy of ALL documents filed with the court and any attachments to counsel for ALL parties in this case. You must also file a certificate of service with this court telling us that you have done so. You may use this certificate of service as a master copy, fill in the title of the document you are filing and attach it at the back of each filing with the court. Please list below the names and addresses of the parties who were sent a copy of your document and the dates on which they were served. Be sure to sign the statement below. You must attach a copy of the certificate of service to each of the copies and the copy you file with the court.

I certify that a copy of the _Notice of Appeal_
(Name of document you are filing,
i.e., opening brief, motion, etc.)

and any attachments was served, either in person or by mail, on the persons listed below.

_Erik Estavillo_
**Signature**
Notary NOT required

**Name**  **Address**  **Date Served**

E-FILED on ___9/22/09___

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| ERIK ESTAVILLO, | No. C-09-03007 RMW |
|---|---|
| Plaintiff, | |
| v. | JUDGMENT |
| SONY COMPUTER ENTERTAINMENT AMERICA, | |
| Defendant. | |

On September 22, 2009 the court dismissed this action without prejudice. THEREFORE, IT IS HEREBY ADJUDGED that plaintiff take nothing by way of his complaint and that judgment be entered in favor of defendant.

DATED: ___9/22/09___

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

JUDGMENT—No. C-09-03007 RMW
TER

1 | A copy of this document has been mailed to:

2 | **Plaintiff:**

3 | Erik Estavillo
3284 Cortese Circle
4 | San Jose, CA 95127

6 | **Notice of this document has been electronically sent to:**

7 | **Counsel for Defendants:**

8 | Richard Mooney        rmooney@linerlaw.com

10 | Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

Dated:   9/2209                                       TER

**Chambers of Judge Whyte**

## Other Orders/Judgments
5:09-cv-03007-RMW Estavillo v. Sony Computer Entertainment America Inc
ADRMOP, E-Filing, ProSe

U.S. District Court
Northern District of California
**Notice of Electronic Filing or Other Case Activity**

NOTE: Please read this entire notice before calling the Help Desk. If you have questions, please email the Help Desk by replying to this message; include your question or comment along with the original text.

Please note that these Notices are sent for all cases in the system when any case activity occurs, regardless of whether the case is designated for e-filing or not, or whether the activity is the filing of an electronic document or not.

If there are **two** hyperlinks below, the first will lead to the docket and the second will lead to an e-filed document.
*If there is no second hyperlink, there is no electronic document available.*
See the FAQ posting 'I have a Notice of Electronic Filing that was e-mailed to me but there's no hyperlink...' on the ECF home page at https://ecf.cand.uscourts.gov for more information.

The following transaction was received from entered on 9/22/2009 10:32 AM and filed on 9/22/2009
**Case Name:**      Estavillo v. Sony Computer Entertainment America Inc
**Case Number:**    5:09-cv-03007-RMW
**Filer:**
**Document Number:** 16

**Docket Text:**
**JUDGMENT. Signed by Judge Whyte on 9/22/09. (rmwlc3, COURT STAFF) (Filed on 9/22/2009)**

**5:09-cv-03007-RMW Notice has been electronically mailed to:**

Richard James Mooney    rmooney@linerlaw.com, jfaamaligi@linerlaw.com

**5:09-cv-03007-RMW Please see General Order 45 Section IX C.2 and D; Notice has NOT been electronically mailed to:**

Erik Estavillo
3284 Cortese Circle
San Jose, CA 95127

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** C:\fakepath\09-3007.judgment.pdf
**Electronic document Stamp:**
[STAMP CANDStamp_ID=977336130 [Date=9/22/2009] [FileNumber=5677190-0]

[5a9f6f155ea5852915f6c84f115695f0bc5b50823f276933c84f75a5e09b18445faf1
3d1cc213e9879be3aa4a5becbf7e8b122a969fb5c49d597eb790e3e4bb9]]

E-FILED on ___9/22/09___

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ERIK ESTAVILLO, | No. C-09-03007 RMW |
| Plaintiff, | |
| v. | ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |
| SONY COMPUTER ENTERTAINMENT AMERICA, | [Re Docket No. 9] |
| Defendant. | |

Defendant Sony Computer Entertainment America Inc. ("Sony") moves to dismiss plaintiff's claim pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to allege facts sufficient to state a First Amendment claim against Sony, and for insufficient justification for the exercise of supplemental jurisdiction over the remaining claims. Having considered the papers submitted by the parties and the arguments of plaintiff Estavillo and counsel for Sony, and for good cause appearing for the reasons set forth below, the court grants the motion.

## I. BACKGROUND

Plaintiff was banned from Sony's Playstation 3 Network (the "Network") after participating in its public forums. (Compl. ¶ 6.) This ban, which was purportedly due to plaintiff's alleged multiple violations of the agreement governing his use of the Network (Compl. ¶ 5; Def.'s Mot. 1),

1 allegedly caused the plaintiff substantial pain and suffering. (Compl. ¶ 4.) As a result, plaintiff
2 alleges three counts against Sony. The first claims that the ban violates plaintiff's First Amendment
3 free speech rights. (Compl. ¶ 6.) The second two counts allege what appear to be contract-related
4 claims. (Compl. ¶¶ 7, 8.) Plaintiff prays for $55,000 in relief for these counts, along with
5 "additional relief to which the plaintiff is entitled." (Compl. ¶ 10.)

## II. ANALYSIS

### A. Estavillo's complaint does not contain sufficient factual matter to state a plausible federal claim to relief.

9 Sony argues that the First Amendment does not apply to the Network because Sony is not
10 part of the government, does not behave similarly to a municipality, and does not have either a
11 functional or structural nexus to the government. (Def.'s Mem. 1-2.) Estavillo cites a blog posting
12 and two cases to argue that online gaming forums carry out a public function within the meaning of
13 the First Amendment. (Pl.'s Opp. 3-4.) The court agrees with Sony.

14 Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a
15 plaintiff's allegations fail to state a claim upon which relief can be granted. To survive a motion to
16 dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to
17 relief that is plausible on its face." *Ashcroft v. Iqbal*, --- U.S. ---, 129 S.Ct. 1937, 1940 (2009). A
18 claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
19 the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* In deciding a
20 motion to dismiss, the court must accept as true all factual allegations, but not legal conclusions, in
21 the complaint. *Id.* at 1949.

22 The First Amendment guarantee of free speech is only a guarantee against abridgment by
23 state or federal governments, and not private actors. *Hudgens v. N.L.R.B.*, 424 U.S. 507, 513 (1976).
24 However, the Court has acknowledged an exception for company towns where the private
25 corporation behaves similarly to a municipality by performing as if they were the government in a
26 company town. *Id.* at 513-14 (citing *Marsh v. Alabama*, 326 U.S. 501 (1946)). This exception is
27 narrow, and does not extend to public areas such as shopping malls. *Id.* at 519-20 (citing *Lloyd*
28 *Corp. v. Tanner*, 407 U.S. 551 (1972)).

1    A second exception exists where a private corporation has "a sufficient structural or
2  functional nexus to the government." *Hall v. Am. Nat'l Red Cross*, 86 F.3d 919, 921 (9th Cir. 1996).
3  A structural nexus exists "(1) when the corporation is created for the furtherance of governmental
4  objectives and (2) when government retains for itself permanent authority to appoint the majority of
5  directors of the corporation." *Id.* When considering whether a functional nexus exists, a court
6  considers "(1) the nexus between the government and the challenged action, (2) whether the alleged
7  government actor performed functions traditionally reserved to the government, and (3) whether the
8  government coerced or encouraged the challenged action." *Id.* at 922.

9    Sony's Network is not similar to a company town. The Network does not serve a substantial
10 portion of a municipality's functions, but rather serves solely as a forum for people to interact subject
11 to specific contractual terms. Every regulation Sony applies in the Network is confined in scope
12 only to those entertainment services that Sony provides. Although the Network does include "virtual
13 spaces" such as virtual "homes" and a virtual "mall" that are used by a substantial number of users
14 (Pl.'s Reply in Supp. of Opp'n. to Dismiss 1), these "spaces" serve solely to enrich the entertainment
15 services on Sony's private network. In providing this electronic space that users can voluntarily
16 choose to entertain themselves with, Sony is merely providing a robust commercial product, and is
17 not "performing the full spectrum of municipal powers and [standing] in the shoes of the State."
18 *Hudgens*, 424 U.S. at 519 (quoting *Lloyd Corp. v. Tanner*, 407 U.S. 551, 568-69 (1972)).

19   Sony does not have a sufficient structural or functional nexus to the government. Plaintiff
20 has not suggested that Sony is part of the state or federal government. The Network was not created
21 to further government objectives. The government retains no permanent authority to appoint any
22 directors of Sony or the Network, or any other private body associated with the Network. There is
23 no indication that Sony has assumed functions traditionally reserved to the government, or that the
24 government had any part in encouraging Sony to create the Network. Count one of the complaint
25 does not state a plausible First Amendment claim for relief, and therefore must be dismissed. *Iqbal*,
26 129 S.Ct. at 1940.

**B. There is insufficient justification to exercise supplemental jurisdiction over the remaining claims.**

Sony argues that if the court dismisses count one of the complaint, then the court should decline to exercise supplemental jurisdiction over the remaining counts because there is no independent jurisdiction to hear them. (Def.'s Mem. 4-5.) The two claims are state law claims for breach of contract, and the amount in controversy is alleged to be $55,000.

When deciding whether to exercise supplemental jurisdiction over pendant state-law claims, a federal court must consider and weigh "the values of judicial economy, convenience, fairness, and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). If the balance of these factors show that a case belongs in state courts, which is likely the case where all federal law claims drop out in a lawsuit's early stages, the court should decline the exercise of jurisdiction by dismissing the case without prejudice. *Id.*

This case is in its early stages, and with the dismissal of the federal first amendment claim, it is appropriate for the court to decline to exercise its supplemental jurisdiction to hear the remaining state law claim. Accordingly, the remaining state law claims are dismissed without prejudice.

### III. ORDER

For the foregoing reasons, the court grants defendant's motion to dismiss without prejudice to plaintiff's refiling his state claims in state court.

DATED: 9/22/09

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

1  A copy of this document has been mailed to:

2  **Plaintiff:**

3  Erik Estavillo
   3284 Cortese Circle
4  San Jose, CA 95127

5

6  Notice of this document has been electronically sent to:

7  **Counsel for Defendants:**

8  Richard Mooney            rmooney@linerlaw.com

9

10 Counsel are responsible for distributing copies of this document to co-counsel that have not
   registered for e-filing under the court's CM/ECF program.
11

12

13
   Dated:    9/2209                                         TER
14
                                              **Chambers of Judge Whyte**
15

## Orders on Motions

5:09-cv-03007-RMW Estavillo v. Sony Computer Entertainment America Inc
ADRMOP, E-Filing, ProSe

U.S. District Court
Northern District of California
**Notice of Electronic Filing or Other Case Activity**

NOTE: Please read this entire notice before calling the Help Desk. If you have questions, please email the Help Desk by replying to this message; include your question or comment along with the original text.

Please note that these Notices are sent for all cases in the system when any case activity occurs, regardless of whether the case is designated for e-filing or not, or whether the activity is the filing of an electronic document or not.

If there are **two** hyperlinks below, the first will lead to the docket and the second will lead to an e-filed document.
*If there is no second hyperlink, there is no electronic document available.*
See the FAQ posting 'I have a Notice of Electronic Filing that was e-mailed to me but there's no hyperlink...' on the ECF home page at https://ecf.cand.uscourts.gov for more information.

The following transaction was received from entered on 9/22/2009 10:30 AM and filed on 9/22/2009
**Case Name:**       Estavillo v. Sony Computer Entertainment America Inc
**Case Number:**     5:09-cv-03007-RMW
**Filer:**
**Document Number:** 15

**Docket Text:**
**ORDER by Judge Whyte granting [9] Motion to Dismiss (rmwlc3, COURT STAFF) (Filed on 9/22/2009)**

**5:09-cv-03007-RMW Notice has been electronically mailed to:**

Richard James Mooney     rmooney@linerlaw.com, jfaamaligi@linerlaw.com

**5:09-cv-03007-RMW Please see General Order 45 Section IX C.2 and D; Notice has NOT been electronically mailed to:**

Erik Estavillo
3284 Cortese Circle
San Jose, CA 95127

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** C:\fakepath\09-3007 Order Granting MTD.final.pdf
**Electronic document Stamp:**
[STAMP CANDStamp_ID=977336130 [Date=9/22/2009] [FileNumber=5677176-0]

[8bbca7ef9721a6292fe102acf26d1bd2976c0529a6225f6af4d6d5e0d57afd99ada99
a655f4e2dccb9b120a9834a385b952a49b3afd9829b5ae2564324cb927b]]